Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

1422-CC09692

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

D.H.,

C.L., and

J.P.,

Plaintiffs,

v.

JANE DOE I,

JANE DOE II,

CITY OF ST. LOUIS, MISSOURI

ST. LOUIS CITY METROPOLITAN POLICE DEPARTMENT, and

BOARD OF POLICE COMMISSIONERS and COMMISSIONERS: RICHARD GRAY, BETTYE BATTLE-TURNER, THOMAS IRWIN, FRANCIS SLAY, and ERWIN SWITZER,

Defendants.

Cause No. __________

Division No. ________

**JURY TRIAL DEMANDED**

**PETITION**

COME NOW Plaintiffs, D.H., C.L., and J.P. (collectively, "Plaintiffs"), and for their claims and relief against Defendants Jane Doe I, Jane Doe II; City of St. Louis; St. Louis City Metropolitan Police Department; Board of Police Commissioners and Commissioners Richard Gray, Bettye Battle-Turner, Thomas Irwin, Francis Slay, and Erwin Switzer (collectively, "Board of Police Commissioners"), allege and state as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff D.H. is a resident of the State of Illinois.

2. Plaintiff C.L. is a resident of the State of Illinois.

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

3. Plaintiff J.P. is a resident of the State of Missouri.

4. Defendant Jane Doe I was at all times relevant to this Petition a female police officer employed by the St. Louis Metropolitan Police Department. Her full name and identity is not yet known but will be reasonably obtainable through discovery. On or about November 12, 2011, she searched one or more of the Plaintiffs. She is sued in both her individual capacity and her official capacity as a law enforcement officer.

5. Defendant Jane Doe II was at all times relevant to this Petition a female police officer employed by the St. Louis Metropolitan Police Department. Her full name and identity is not yet known but will be reasonably obtainable through discovery. On or about November 12, 2011, she searched one or more of the Plaintiffs. She is sued in both her individual capacity and her official capacity as a law enforcement officer.

6. Defendant City of St. Louis, Missouri ("City of St. Louis") is a municipality in Missouri.

7. Defendant St. Louis Metropolitan Police Department ("SLMPD") is a governmental entity responsible for providing police services for the City of St. Louis.

8. Defendant Board of Police Commissioners is a governmental entity responsible for the effective operation of the SLMPD.

9. Defendant Richard Gray is a member of the Board of Police Commissioners.

10. Defendant Bettye Battle-Turner is a member of the Board of Police Commissioners.

11. Defendant Thomas Irwin is a member of the Board of Police Commissioners.

12. Defendant Francis Slay is a member of the Board of Police Commissioners.

13. Defendant Erwin Switzer is a member of the Board of Police Commissioners.

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

14. This cause of action arose in and the events and injuries herein alleged occurred in the City of St. Louis.

15. Jurisdiction and venue are proper in this Court as all events and injuries herein alleged occurred in the City of St. Louis and, upon information and belief, all Defendants reside in the City of St. Louis.

**FACTS COMMON TO ALL COUNTS**

16. On or about November 12, 2011, Plaintiffs participated in a peaceful protest at Kiener Plaza in the City of St. Louis.

17. Plaintiffs were among approximately twenty-seven individuals arrested for alleged violations of the City of St. Louis curfew ordinance, Ordinance No. 58262 § 1 and codified as St. Louis City Revised Code § 22.18.010 which provides: "No person shall loiter, idle, wander, stroll, play or otherwise be in or upon the confines of any public park or playground or the public areas immediately adjacent thereto between the hours of 10:00 p.m. and 6:00 a.m. throughout the year."

18. Ordinance No. 58262 § 6 provides that a violation of Ordinance No. 58262 § 1 is punishable by a fine of not more than $500.00.

19. Defendant City of St. Louis characterizes violation of Ordinance No. 58262 § 1 as a municipal infraction.

20. Those arrested included both female and male individuals.

21. Each Plaintiff is female.

22. Plaintiffs were placed in zip-tie restraints and loaded into police vans.

23. Plaintiffs were transported to an area patrol station operated by the SLMPD.

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

24. Upon arriving at the area patrol station, SLMPD personnel caused each of the Plaintiffs to be fingerprinted and booked.

25. Plaintiffs were placed in two adjacent holding cells.

26. The male arrestees were placed in a separate holding cell.

27. Each Plaintiff was individually removed from her holding cell by Defendant Jane Doe I, Defendant Jane Doe II, or another SLMPD officer and escorted to a separate room.

28. Once in the separate room, each Plaintiff was ordered to lower her pants and underwear so Defendant Jane Doe I or Defendant Jane Doe II could visually inspect each Plaintiff's undergarments, buttocks, anus, genitalia, or some combination thereof.

29. Each Plaintiff was then ordered to squat so that Defendant Jane Doe I or Defendant Jane Doe II could visually inspect each Plaintiff's buttocks, anus, genitalia, or some combination thereof.

30. Each Plaintiff was ordered to remove and/or rearrange her shirt and bra so that her undergarments and breasts could be visually inspected.

31. At the conclusion of the search, each Plaintiff was allowed to put her clothes back on and Defendant Jane Doe I or Defendant Jane Doe II escorted each Plaintiff to one of the two adjacent holding cells with the other female arrestees, including those female arrestees who had not yet been searched.

32. No search warrant was executed prior to the search of each Plaintiff.

33. Upon information and belief, Defendants Jane Doe I and Jane Doe II are not physicians, registered nurses or practical nurses, licensed to practice in the State of Missouri.

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

34. Defendants Jane Doe I and Jane Doe II did not obtain written permission of the person in command of the law enforcement agency in which the searches of Plaintiffs were conducted.

35. Defendants Jane Doe I and Jane Doe II did not prepare a written report regarding the searches of Plaintiffs as required by Mo. Rev. Stat. § 544.193.5(2).

36. Plaintiffs were not furnished with a copy of any Mo. Rev. Stat. § 544.193.5(2) reports.

37. Upon information and belief, none of the male arrestees were subjected to a strip search or body cavity search.

38. Plaintiffs were then transported to the City of St. Louis Justice Center.

39. Plaintiffs were not placed into the general population.

40. Each Plaintiff was released from custody on or about November 12, 2011.

**COUNT I:**

**Claim by Plaintiff D.H. for Violations of Mo. Rev. Stat. § 544.193 Against Defendant Jane Doe I or Jane Doe II**

COMES NOW Plaintiff D.H. and for Count I of her claim for relief against Defendant Jane Doe I or Jane Doe II, alleges and states as follows:

41. Plaintiff D.H. hereby incorporates by reference each allegation contained in paragraphs 1 through 40 of this Petition as though fully set forth herein.

42. Defendant Jane Doe I or Defendant Jane Doe II performed a "body cavity search" of Plaintiff D.H. as defined by Mo. Rev. Stat. § 544.193(1).

43. Defendant Jane Doe I or Defendant Jane Doe II performed a "strip search" of Plaintiff D.H. as defined by Mo. Rev. Stat. § 544.193(2).

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

44. Plaintiff D.H. was arrested for an offense which does not constitute a felony.

45. There was no probable cause to believe that Plaintiff D.H. was concealing a weapon, evidence of the commission of a crime or contraband.

46. As a direct and proximate result of each Defendant's violations of Mo. Rev. Stat. § 544.193, Plaintiff D.H. suffered a violation of her statutory rights, an invasion of her privacy, degradation, humiliation, and embarrassment.

47. Plaintiff D.H. is entitled to an award of actual damages pursuant to Mo. Rev. Stat. § 544.195.2.

48. The conduct of each Defendant was intentional, outrageous, and demonstrated evil motive and a reckless indifference to Plaintiff D.H.'s rights, thus entitling Plaintiff D.H. to an award of punitive damages pursuant to Mo. Rev. Stat. § 544.195.2.

49. To the extent that Plaintiff D.H. prevails in the instant case, she is entitled to an award of reasonable attorneys' fees pursuant to Mo. Rev. Stat. § 544.195.2.

WHEREFORE, Plaintiff D.H. respectfully asks this Court to enter judgment in her favor and against Defendants and to award her compensatory damages against Defendant Jane Doe I or Defendant Jane Doe II, in an amount that is fair and reasonable; for punitive damages in an amount that will punish each Defendant and deter each Defendant and others from similar conduct; for reasonable attorneys' fees; and for such other legal and equitable relief this Court deems appropriate.

**COUNT II:**

**Claim by Plaintiff C.L. for Violations of Mo. Rev. Stat. § 544.193 Against Defendant Jane Doe I or Jane Doe II**

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

COMES NOW Plaintiff C.L. and for Count II of her claim for relief against Defendant Jane Doe I or Jane Doe II, alleges and states as follows:

50. Plaintiff C.L. hereby incorporates by reference each allegation contained in paragraphs 1 through 40 of this Petition as though fully set forth herein.

51. Defendant Jane Doe I or Defendant Jane Doe II performed a "body cavity search" of Plaintiff C.L. as defined by Mo. Rev. Stat. § 544.193(1).

52. Defendant Jane Doe I or Defendant Jane Doe II performed a "strip search" of Plaintiff C.L. as defined by Mo. Rev. Stat. § 544.193(2).

53. Plaintiff C.L. was arrested for an offense which does not constitute a felony.

54. There was no probable cause to believe that Plaintiff C.L. was concealing a weapon, evidence of the commission of a crime or contraband.

55. As a direct and proximate result of each Defendant's violations of Mo. Rev. Stat. § 544.193, Plaintiff C.L. suffered a violation of her statutory rights, an invasion of her privacy, degradation, humiliation, and embarrassment.

56. Plaintiff C.L. is entitled to an award of actual damages pursuant to Mo. Rev. Stat. § 544.195.2.

57. The conduct of each Defendant was intentional, outrageous, and demonstrated evil motive and a reckless indifference to Plaintiff C.L.'s rights, thus entitling Plaintiff C.L. to an award of punitive damages pursuant to Mo. Rev. Stat. § 544.195.2.

58. To the extent that Plaintiff C.L. prevails in the instant case, she is entitled to an award of reasonable attorneys' fees pursuant to Mo. Rev. Stat. § 544.195.2.

WHEREFORE, Plaintiff C.L. respectfully asks this Court to enter judgment in her favor and against Defendants and to award her compensatory damages against Defendant Jane Doe I or

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

Defendant Jane Doe II, in an amount that is fair and reasonable; for punitive damages in an amount that will punish each Defendant and deter each Defendant and others from similar conduct; for reasonable attorneys' fees; and for such other legal and equitable relief this Court deems appropriate.

**COUNT III:**

**Claim by Plaintiff J.P. for Violations of Mo. Rev. Stat. § 544.193 Against Defendant Jane Doe I or Jane Doe II**

COMES NOW Plaintiff J.P. and for Count III of her claim for relief against Defendant Jane Doe I or Jane Doe II, alleges and states as follows:

59. Plaintiff J.P. hereby incorporates by reference each allegation contained in paragraphs 1 through 40 of this Petition as though fully set forth herein.

60. Defendant Jane Doe I or Defendant Jane Doe II performed a "body cavity search" of Plaintiff J.P. as defined by Mo. Rev. Stat. § 544.193(1).

61. Defendant Jane Doe I or Defendant Jane Doe II performed a "strip search" of Plaintiff J.P. as defined by Mo. Rev. Stat. § 544.193(2).

62. Plaintiff J.P. was arrested for an offense which does not constitute a felony.

63. There was no probable cause to believe that Plaintiff J.P. was concealing a weapon, evidence of the commission of a crime or contraband.

64. As a direct and proximate result of each Defendant's violations of Mo. Rev. Stat. § 544.193, Plaintiff J.P. suffered a violation of her statutory rights, an invasion of her privacy, degradation, humiliation, and embarrassment.

65. Plaintiff J.P. is entitled to an award of actual damages pursuant to Mo. Rev. Stat. § 544.195.2.

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

66. The conduct of each Defendant was intentional, outrageous, and demonstrated evil motive and a reckless indifference to Plaintiff J.P.'s rights, thus entitling Plaintiff J.P. to an award of punitive damages pursuant to Mo. Rev. Stat. § 544.195.2.

67. To the extent that Plaintiff J.P. prevails in the instant case, she is entitled to an award of reasonable attorneys' fees pursuant to Mo. Rev. Stat. § 544.195.2.

WHEREFORE, Plaintiff J.P. respectfully asks this Court to enter judgment in her favor and against Defendants and to award her compensatory damages against Defendant Jane Doe I or Defendant Jane Doe II, in an amount that is fair and reasonable; for punitive damages in an amount that will punish each Defendant and deter each Defendant and others from similar conduct; for reasonable attorneys' fees; and for such other legal and equitable relief this Court deems appropriate.

**COUNT IV:**

**Claim by Plaintiff D.H. for Assault Under Missouri Law Against Defendant Jane Doe I or Jane Doe II**

COMES NOW Plaintiff D.H. and for Count IV of her claim for relief against Defendant Jane Doe I or Jane Doe II, alleges and states as follows:

68. Plaintiff D.H. hereby incorporates by reference each allegation contained in paragraphs 1 through 49 of this Petition as though fully set forth herein.

69. Defendant Jane Doe I or Defendant Jane Doe II ordered Plaintiff D.H. to remove her clothing and undergarments and ordered D.H. to squat with the intent to cause D.H. apprehension of offensive contact.

70. Defendant thereby caused Plaintiff D.H. to be in apprehension of offensive contact.

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

71. As a direct and proximate result of this assault, Plaintiff D.H. suffered an invasion of privacy, degradation, humiliation, and embarrassment.

72. The conduct of each Defendant was intentional, outrageous, and demonstrated evil motive and a reckless indifference to Plaintiff D.H.'s rights, thus entitling Plaintiff D.H. to an award of punitive damages.

WHEREFORE, Plaintiff D.H. respectfully asks this Court to enter judgment in her favor and against Defendants and to award her compensatory damages against Defendant Jane Doe I or Defendant Jane Doe II, in an amount that is fair and reasonable; for punitive damages in an amount that will punish each Defendant and deter each Defendant and others from similar conduct; and for such other legal and equitable relief this Court deems appropriate.

**COUNT V:**

**Claim by Plaintiff C.L. for Assault Under Missouri Law Against Defendant Jane Doe I or Jane Doe II**

COMES NOW Plaintiff C.L. and for Count V of her claim for relief against Defendant Jane Doe I or Jane Doe II, alleges and states as follows:

73. Plaintiff C.L. hereby incorporates by reference each allegation contained in paragraphs 1 through 40 and paragraphs 50 through 58 of this Petition as though fully set forth herein.

74. Defendant Jane Doe I or Defendant Jane Doe II ordered Plaintiff C.L. to remove her clothing and undergarments and ordered C.L. to squat with the intent to cause C.L. apprehension of offensive contact.

75. Defendant thereby caused Plaintiff C.L. to be in apprehension of offensive contact.

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

76. As a direct and proximate result of this assault, Plaintiff C.L. suffered an invasion of privacy, degradation, humiliation, and embarrassment.

77. The conduct of each Defendant was intentional, outrageous, and demonstrated evil motive and a reckless indifference to Plaintiff C.L.'s rights, thus entitling Plaintiff C.L. to an award of punitive damages.

WHEREFORE, Plaintiff C.L. respectfully asks this Court to enter judgment in her favor and against Defendants and to award her compensatory damages against Defendant Jane Doe I or Defendant Jane Doe II, in an amount that is fair and reasonable; for punitive damages in an amount that will punish each Defendant and deter each Defendant and others from similar conduct; and for such other legal and equitable relief this Court deems appropriate.

**COUNT VI:**

**Claim by Plaintiff J.P. for Assault Under Missouri Law Against Defendant Jane Doe I or Jane Doe II**

COMES NOW Plaintiff J.P. and for Count VI of her claim for relief against Defendant Jane Doe I or Jane Doe II, alleges and states as follows:

78. Plaintiff J.P. hereby incorporates by reference each allegation contained in paragraphs 1 through 40 and paragraphs 59 through 67of this Petition as though fully set forth herein.

79. Defendant Jane Doe I or Defendant Jane Doe II ordered Plaintiff J.P. to remove her clothing and undergarments and ordered J.P. to squat with the intent to cause J.P. apprehension of offensive contact.

80. Defendant thereby caused Plaintiff J.P. to be in apprehension of offensive contact.

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

81. As a direct and proximate result of this assault, Plaintiff J.P. suffered an invasion of privacy, degradation, humiliation, and embarrassment.

82. The conduct of each Defendant was intentional, outrageous, and demonstrated evil motive and a reckless indifference to Plaintiff J.P.'s rights, thus entitling Plaintiff J.P. to an award of punitive damages.

WHEREFORE, Plaintiff J.P. respectfully asks this Court to enter judgment in her favor and against Defendants and to award her compensatory damages against Defendant Jane Doe I or Defendant Jane Doe II, in an amount that is fair and reasonable; for punitive damages in an amount that will punish each Defendant and deter each Defendant and others from similar conduct; and for such other legal and equitable relief this Court deems appropriate.

**COUNT VII:**

**Claim by Plaintiff D.H. for Deprivation of Rights Secured by the Fourth and Fourteenth Amendments to the Constitution of the United States by Defendants Jane Doe I, Jane Doe II, City of St. Louis, St. Louis City Metropolitan Police Department, and Board of Police Commissioners Pursuant to 42 U.S.C. § 1983**

COMES NOW Plaintiff D.H. and for Count VII of her claim for relief against Defendants Jane Doe I, Jane Doe II, City of St. Louis, St. Louis City Metropolitan Police Department, and Board of Police Commissioners, alleges and states as follows:

83. Plaintiff D.H. hereby incorporates by reference each allegation contained in paragraphs 1 through 49 and paragraphs 68 through 72 of this Petition as though fully set forth herein.

84. Defendant Jane Doe I or Defendant Jane Doe II, under color of state law as a City of St. Louis police officer, subjected Plaintiff D.H., or caused D.H. to be subjected to, the

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

deprivation of her Fourth Amendment right under the Constitution of the United States, applied to the States via the Fourteenth Amendment, to be free from unreasonable searches of her person when Defendant unreasonably and unnecessarily performed a body cavity search and strip search of D.H.

85. Upon information and belief, Defendant Jane Doe I or Defendant Jane Doe II was deliberately acting in accordance with a City of St. Louis, SLMPD, and Board of Police Commissioners' pattern, practice, policy, or custom of performing body cavity searches and strip searches of female individuals who are arrested during arrests of peaceful protestors.

86. As a direct and proximate result of the unreasonable search, Plaintiff D.H. suffered an invasion of privacy, degradation, humiliation, and embarrassment.

87. The conduct of each Defendant was intentional, outrageous, and demonstrated evil motive and a reckless indifference to Plaintiff D.H.'s rights, thus entitling Plaintiff D.H. to an award of punitive damages.

88. Defendants City of St. Louis, SLMPD, and Board of Police Commissioners' pattern, practice, policy, or custom of performing body cavity searches and strip searches of female individuals who are arrested during arrests of peaceful protestors has resulted in irreparable harm to Plaintiff D.H. and will continue to result in irreparable harm to all individuals who are arrested under similar circumstances.

89. To the extent Plaintiff D.H. prevails in the instant case, she is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff D.H. respectfully asks this Court to enter judgment in her favor and against Defendants and to award her compensatory damages against Defendant Jane Doe I or Jane Doe II, City of St. Louis, St. Louis City Metropolitan Police Department, and Board of

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

Police Commissioners, both jointly and severally, in an amount that is fair and reasonable; for punitive damages against Jane Doe I, Jane Doe II and the Board of Police Commissioners in an amount that will punish each Defendant and deter each Defendant and others from similar conduct; for reasonable attorneys' fees; for injunctive relief against Defendants City of St. Louis, St. Louis City Metropolitan Police Department, and Board of Police Commissioners, barring them from encouraging, requiring, or permitting its police force to engage in the unlawful patterns and practices described herein; and for such other legal and equitable relief this Court deems appropriate.

**COUNT VIII:**

**Claim by Plaintiff C.L. for Deprivation of Rights Secured by the Fourth and Fourteenth Amendments to the Constitution of the United States by Defendants Jane Doe I, Jane Doe II, City of St. Louis, St. Louis City Metropolitan Police Department, and Board of Police Commissioners Pursuant to 42 U.S.C. § 1983**

COMES NOW Plaintiff C.L. and for Count VIII of her claim for relief against Defendants Jane Doe I, Jane Doe II, City of St. Louis, St. Louis City Metropolitan Police Department, and Board of Police Commissioners, alleges and states as follows:

90. Plaintiff C.L. hereby incorporates by reference each allegation contained in paragraphs 1 through 40, paragraphs 50 through 58, and paragraphs 73 through 77 of this Petition as though fully set forth herein.

91. Defendant Jane Doe I or Defendant Jane Doe II, under color of state law as a City of St. Louis police officer, subjected Plaintiff C.L., or caused C.L. to be subjected to, the deprivation of her Fourth Amendment right under the Constitution of the United States, applied to the States via the Fourteenth Amendment, to be free from unreasonable searches of her person

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

when Defendant unreasonably and unnecessarily performed a body cavity search and strip search of C.L.

92. Upon information and belief, Defendant Jane Doe I or Defendant Jane Doe II was deliberately acting in accordance with a City of St. Louis, SLMPD, and Board of Police Commissioners' pattern, practice, policy, or custom of performing body cavity searches and strip searches of female individuals who are arrested during arrests of peaceful protestors.

93. As a direct and proximate result of the unreasonable search, Plaintiff C.L. suffered an invasion of privacy, degradation, humiliation, and embarrassment.

94. The conduct of each Defendant was intentional, outrageous, and demonstrated evil motive and a reckless indifference to Plaintiff C.L.'s rights, thus entitling Plaintiff C.L. to an award of punitive damages.

95. Defendants City of St. Louis, SLMPD, and Board of Police Commissioners' pattern, practice, policy, or custom of performing body cavity searches and strip searches of female individuals who are arrested during arrests of peaceful protestors has resulted in irreparable harm to Plaintiff C.L. and will continue to result in irreparable harm to all individuals who are arrested under similar circumstances.

96. To the extent Plaintiff C.L. prevails in the instant case, she is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff C.L. respectfully asks this Court to enter judgment in her favor and against Defendants and to award her compensatory damages against Defendant Jane Doe I or Jane Doe II, City of St. Louis, St. Louis City Metropolitan Police Department, and Board of Police Commissioners, both jointly and severally, in an amount that is fair and reasonable; for punitive damages against Jane Doe I, Jane Doe II and the Board of Police Commissioners in an

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

amount that will punish each Defendant and deter each Defendant and others from similar conduct; for reasonable attorneys' fees; for injunctive relief against Defendants City of St. Louis, St. Louis City Metropolitan Police Department, and Board of Police Commissioners, barring them from encouraging, requiring, or permitting its police force to engage in the unlawful patterns and practices described herein; and for such other legal and equitable relief this Court deems appropriate.

**COUNT IX:**

**Claim by Plaintiff J.P. for Deprivation of Rights Secured by the Fourth and Fourteenth Amendments to the Constitution of the United States by Defendants Jane Doe I, Jane Doe II, City of St. Louis, St. Louis City Metropolitan Police Department, and Board of Police Commissioners Pursuant to 42 U.S.C. § 1983**

COMES NOW Plaintiff J.P. and for Count IX of her claim for relief against Defendants Jane Doe I, Jane Doe II, City of St. Louis, St. Louis City Metropolitan Police Department, and Board of Police Commissioners, alleges and states as follows:

97. Plaintiff J.P. hereby incorporates by reference each allegation contained in paragraphs 1 through 40, paragraphs 59 through 67, and paragraphs 78 through 82 of this Petition as though fully set forth herein.

98. Defendant Jane Doe I or Defendant Jane Doe II, under color of state law as a City of St. Louis police officer, subjected Plaintiff J.P., or caused J.P. to be subjected to, the deprivation of her Fourth Amendment right under the Constitution of the United States, applied to the States via the Fourteenth Amendment, to be free from unreasonable searches of her person when Defendant unreasonably and unnecessarily performed a body cavity search and strip search of J.P.

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

99. Upon information and belief, Defendant Jane Doe I or Defendant Jane Doe II was deliberately acting in accordance with a City of St. Louis, SLMPD, and Board of Police Commissioners' pattern, practice, policy, or custom of performing body cavity searches and strip searches of female individuals who are arrested during arrests of peaceful protestors.

100. As a direct and proximate result of the unreasonable search, Plaintiff J.P. suffered an invasion of privacy, degradation, humiliation, and embarrassment.

101. The conduct of each Defendant was intentional, outrageous, and demonstrated evil motive and a reckless indifference to Plaintiff J.P.'s rights, thus entitling Plaintiff J.P. to an award of punitive damages.

102. Defendants City of St. Louis, SLMPD, and Board of Police Commissioners' pattern, practice, policy, or custom of performing body cavity searches and strip searches of female individuals who are arrested during arrests of peaceful protestors has resulted in irreparable harm to Plaintiff J.P. and will continue to result in irreparable harm to all individuals who are arrested under similar circumstances.

103. To the extent Plaintiff J.P. prevails in the instant case, she is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff J.P. respectfully asks this Court to enter judgment in her favor and against Defendants and to award her compensatory damages against Defendant Jane Doe I or Jane Doe II, City of St. Louis, St. Louis City Metropolitan Police Department, and Board of Police Commissioners, both jointly and severally, in an amount that is fair and reasonable; for punitive damages against Jane Doe I, Jane Doe II and the Board of Police Commissioners in an amount that will punish each Defendant and deter each Defendant and others from similar conduct; for reasonable attorneys' fees; for injunctive relief against Defendants City of St. Louis,

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

St. Louis City Metropolitan Police Department, and Board of Police Commissioners, barring them from encouraging, requiring, or permitting its police force to engage in the unlawful patterns and practices described herein; and for such other legal and equitable relief this Court deems appropriate.

**COUNT X:**

**Claim by Plaintiffs D.H., C.L., and J.P. for Permanent Injunction Against Defendants City of St. Louis, St. Louis City Metropolitan Police Department, and Board of Police Commissioners**

COME NOW Plaintiffs D.H., C.L., and J.P. and for Count X of their claim for relief against Defendants City of St. Louis, St. Louis City Metropolitan Police Department, and Board of Police Commissioners, allege and state as follows:

104. Plaintiffs hereby incorporate by reference each allegation contained in the foregoing paragraphs of this Petition as though fully set forth herein.

105. Plaintiffs have no adequate remedy at law and will suffer irreparable harm unless this Court grants a permanent injunction enjoining Defendants from performing body cavity searches and strip searches of all female individuals who are arrested during peaceful protests.

106. Upon information and belief, Defendants City of St. Louis, SLMPD, and Board of Police Commissioners have a pattern, practice, policy, or custom of performing body cavity searches and strip searches of female individuals who are arrested during arrests of peaceful protestors.

107. Performing body cavity searches and strip searches of all female individuals who are arrested during arrests of peaceful protestors violates individuals' Fourth Amendment right under the Constitution of the United States, applied to the States via the Fourteenth Amendment,

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

to be free from unreasonable searches and seizures and results in irreparable harm for which there is no adequate remedy at law.

108. Defendants' misconduct, as alleged herein, has irreparably harmed Plaintiffs and will continue to result in irreparable harm to Plaintiffs and all individuals arrested under similar circumstances by Defendants.

109. Absent a permanent injunction restraining and enjoining Defendants from performing body cavity searches and strip searches of all female individuals who are arrested during peaceful protests, Defendants will continue to engage in these unlawful searches and this will result in irreparable harm to Plaintiffs and all others arrested under similar circumstances.

110. Plaintiffs are entitled to a permanent injunction because monetary damages will not adequately compensate Plaintiffs for the irreparable harm caused by Defendants, or the future harm that will ensue, and injunctive relief is necessary to prevent multiple lawsuits.

111. Plaintiffs have no adequate remedy at law for the injuries caused by Defendants, and Plaintiffs will continue to suffer great and irreparable injury in the future unless Defendants are restrained and enjoined by this Court from engaging in the conduct alleged herein.

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment in their favor and against Defendants and for a permanent injunction against Defendants City of St. Louis, St. Louis City Metropolitan Police Department, and Board of Police Commissioners, barring them from encouraging, requiring, or permitting the police force to engage in the unlawful patterns and practices described herein; and for such other legal and equitable relief this Court deems appropriate.

Electronically Filed - City of St. Louis - September 24, 2014 - 04:46 PM

Respectfully submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: /s/ Gary R. Sarachan
Gary Sarachan, MBE 25683
Sheila Greenbaum, MBE 25422
Callie Tucker, MBE 64203
7701 Forsyth Blvd. 12th Floor
St. Louis, MO 63105-1818
(314) 505-5440
(314) 505-5441 (fax)
sarachan@capessokol.com
greenbaum@capessokol.com
tucker@capessokol.com

**AMERICAN CIVIL LIBERTIES UNION OF MISSOURI FOUNDATION**

By: /s/ Grant R. Doty
Anthony E. Rothert, MBE 44827
Grant R. Doty, MBE 60788
454 Whittier St.
St. Louis, MO 63108
(314) 652-3114
(314) 652-3112 (fax)
trothert@aclu-mo.org
gdoty@aclu-mo.org

**Attorneys for Plaintiffs D.H., C.L., and J.P.**

**CERTIFICATE OF SIGNED ORIGINAL**

The undersigned hereby certifies that the attorney filing the foregoing document signed the original of the same. Said original will be maintained, as required by the Missouri Rules of Civil Procedure.

/s/ Gary R. Sarachan