UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| D.H.,et al.. | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:14 CV 1882 RWS |
| | ) | |
| JANE DOE I, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs are three female protesters who participated in a movement referred to as "Occupy St. Louis." Plaintiffs were among twenty-seven protesters who were arrested on November 12, 2011 for violating a park curfew. Plaintiffs were taken by officers of Defendant St. Louis Metropolitan Police Department to a local police station for booking. While at the station, each Plaintiff was taken individually from their holding cell to a separate room for a search of their person. Two female police officers, the Doe Defendants, ordered each Plaintiff to lower their outer and underclothes to allow a visual inspection of the clothes and their bodies presumably for contraband. Plaintiffs were returned to holding cells and transported to the City of St. Louis Justice Center.

Plaintiffs filed this lawsuit against the two female police officers, the City of

St. Louis, the St, Louis Metropolitan Police Department, the Board of Police

Commissioners, and the individual members of the Board of Police Commissioners.

The lawsuit was originally filed in state court and asserted violations of state law.

The state court petition was amended to assert constitutional claims of an

unreasonable search of Plaintiffs.  Defendants removed the case to this Court.

Defendants all filed motions to dismiss, except for the Doe Defendant police

officers.  Subsequently, Plaintiffs filed an amended complaint in this Court.  As a

result, the pending motions to dismiss were mooted.

After the amended complaint was filed, Defendants Board of Police

Commissions and St. Louis Metropolitan Police Department filed a second motion

to dismiss.  Defendants, the individually named members of the Board of Police

Commissioners, also filed a second motion to dismiss.  Plaintiffs oppose these

motions.

### *Legal Standard*

In ruling on a motion to dismiss, I must accept as true all factual allegations

in the complaint and view them in the light most favorable to Plaintiffs.  Fed. R.

Civ. P. 12(b)(6); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  An action fails

to state a claim upon which relief can be granted if it does not plead "enough facts

to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v.

Twombly, 127 S.Ct. 1955, 1974 (2007).  This simplified notice pleading standard

relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir. 2002).

### *Discussion*

On December 24, 2014, Plaintiffs filed an amended complaint in this Court which made the initial motions to dismiss filed by Defendants before that date moot.

After the amended complaint was filed, Defendants Board of Police Commissioners and St. Louis Metropolitan Police Department filed a second joint motion to dismiss asserting that they are not suable entities.

The St. Louis Board of Police Commissioners is not a suable entity. Jurisdiction can only be obtained by suing the individual board members in their official capacity.  Edwards v. Baer, 863 F.2d 606, 609 (8th Cir. 1989).  (Not because the Board is a state actor but because of the way the commission was set up ... as individual members "commissioners" and not as a commission.  See American Fire Alarm v. Board of Police Comm, 227 S.W. 114 (Mo. 1920)).

Similarly, the St. Louis Metropolitan Police Department is not a suable entity.  Williams v. St. Louis Metropolitan Police Department, 2009 WL 2245169 (E.D. Mo. July 27, 2009).   The procedure to assert a claim against the police

department is to sue the individual members of the Board of Police Commissioners in their official capacity. As a result, the Board of Police Commissioners and the St. Louis Metropolitan Police's motion to dismiss will be granted.

The board member Defendants also filed a second motion to dismiss. They assert that Plaintiffs have failed to state a claim against them for the actions of the individual police officers. However, Plaintiffs complaint clearly alleges that the officers conducted their allegedly impermissible searches based on a practice, policy, or custom of the police department. This pleading is sufficient to plead a claim and to permit discovery on whether the police department had a policy or practice of such alleged impermissible searches. Furthermore, the board member Defendants do not argue that the strip searches by the Doe Defendant officers were an isolated incident of police misconduct. Plaintiffs have asserted sufficient pleadings that the searches were a result of a practice, policy, or custom of the police department.

The board member Defendants also assert that the complaint fails to state a claim because the searches at issue are permissible. However, the amended complaint alleges facts which preclude a motion to dismiss. Plaintiffs allege in the amended complaint that they were arrested for a minor offence, a curfew violation. They allege that male protesters arrested with Plaintiffs were not subjected to strip

searches.  Plaintiffs also allege that after they were searched, they were returned to holding cells with detainees who had not been searched.  Finally, Plaintiffs were never placed in the general population of the jail and were released within hours of their arrest.  Based on these pleadings, Plaintiffs have alleged sufficient facts to support their claims.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants Board of Police Commissioners, St. Louis Metropolitan Police Department, the board member Defendants, and Defendant City of St. Louis's motions to dismiss filed before Plaintiff's filed an amended complaint [#s 10, 12, and 23 respectively] are **DENIED** as moot.

**IT IS FURTHER ORDERD that** Defendants Board of Police Commissioners and St. Louis Metropolitan Police Department's motion to dismiss [# 32] is **GRANTED**.

**IT IS FURTHER ORDERED that** the individual board member Defendants' motion to dismiss [#30] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2015.