UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| D.H., et al.. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:14 CV 1882 RWS |
| | ) |
| JANE DOE I, et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Plaintiffs are three female protesters who participated in a movement referred to as "Occupy St. Louis." Plaintiffs were among twenty-seven protesters who were arrested on November 12, 2011 for violating a park curfew in St. Louis, Missouri. Plaintiffs were taken by officers of Defendant St. Louis Metropolitan Police Department (SLMPD) to a local police station for booking. While at the station, each Plaintiff was taken individually from their holding cell to a separate room for a search of their person. Two female police officers, the Doe Defendants, ordered each Plaintiff to lower their outer and underclothes to allow a visual inspection of the clothes and their bodies, presumably for contraband. Plaintiffs were returned to holding cells and transported to the City of St. Louis Justice Center.

Plaintiffs filed this lawsuit against the two female police officers, the City of St. Louis (City), the St, Louis Metropolitan Police Department, the St. Louis Board of Police Commissioners, and the five individual members of the St. Louis Board of Police Commissioners (Board). The lawsuit was originally filed in state court and was removed to this Court. After removal, Plaintiffs filed an amended complaint. Defendant City filed a motion to dismiss the amended complaint. Because the City did not control the SLMPD during the relevant time period, I will grant its motion to dismiss.

*Legal Standard*

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiffs. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir. 2002).

*Discussion*

Plaintiffs allege that the individual Doe police officers violated Plaintiffs' state and federal rights in conducting a body cavity search of Plaintiffs at the police station. Plaintiffs' complaint asserts that the City was acting in concert with the SLMPD in causing Plaintiffs and other protesters to be arrested for violating a park curfew. Plaintiffs allege that the City and the Board permitted the police officers to conduct an unreasonable search of their persons in violation of the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiffs complaint asserts 42 U.S.C. § 1983 claims against the City and the Board alleging that they had a pattern, practice, policy, or custom of permitting such unlawful searches. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978) (A public entity cannot be held vicariously liable under § 1983 for the actions of its employees based on a theory of respondeat superior). A plaintiff may establish public entity liability under § 1983 by proving their constitutional rights were violated by the public entity's official policy or through a custom, "even though such a custom has not received formal approval through the body's official decisionmaking channels." City of St. Louis v. Praprotnik, 485 U.S. 112, 122 (1988). The existence of a custom or policy must be established by more than a single set of circumstances that applied to the plaintiff's case. Munz v. Parr, 758

F.2d 1254, 1259 (8th Cir. 1985).

Plaintiffs allege that both the City and the Board are liable for Plaintiffs' injuries under the custom, policy, or practice standard. However, the City had no authority or control over the operations of the SLMPD during the relevant time period that gives rise to Plaintiffs' claim. The incident at issue took place on November 12, 2011. At that time the St. Louis City Board of Police Commissioners controlled the SLMPD. Section 84.010 R.S.Mo. barred the City of St. Louis from interfering "with the powers or the exercise of the powers" of the Board. Plaintiffs assert, without any supporting facts, that the City had a "pattern, practice, policy, or custom of performing body cavity searches and strip searches of female individuals who are arrested during arrests of peaceful protestors" in Counts IV, V, and VI. This allegation is conclusory and does not support Plaintiffs' claims against the City. While the City may have sought the removal of the protesters from the city park, there are no factual allegations in the complaint which would support the claim that the City controlled or influenced the method in which the SLMPD processed arrestees at the police station in this case.

As a result, I will grant the City's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant City of St. Louis' motion to dismiss [#47] **GRANTED**.

                                                                            _____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of May, 2015.