UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| D.H., C.L. and J.P., ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:14 CV 1882 RWS |
| ) | |
| JANE DOE I, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiffs were arrested after participating in a protest in St. Louis Missouri. Plaintiffs allege that their Fourth Amendment rights were violated when they were strip searched by two police officers at a police station. At the time this lawsuit was filed Plaintiffs were not able to identify the two police officers (the Doe defendants) who allegedly performed the searches. After extensive discovery in this case Plaintiffs are still not able to identify the Doe defendants who allegedly performed the searches. Plaintiffs' complaint asserts claims against the members of the St. Louis Board of Police Commissioners alleging that the searches were performed as a pattern, practice, policy, or custom of the Police Board. The Police Board defendants have moved for summary judgment. Because Plaintiffs have not been able to identify the officers who allegedly performed the searches, these Doe

defendants must be dismissed from the case. Because the Doe defendants will be dismissed from the case and because Plaintiffs have failed to produce any evidence that the alleged strip searches were part of a custom, policy, or practice of the Police Board, I will grant the Police Board defendants summary judgment.

*Background*

Plaintiffs are three female protesters who are proceeding in this matter by the initials D.H., C.L., and J.P. Plaintiffs participated in a several day protest at Kiener Plaza in St. Louis, Missouri in an event which came to be called "Occupy St. Louis." Plaintiffs were among twenty-seven protesters who were arrested on November 12, 2011 at Kiener Plaza for violating a park curfew. The only police officers involved in the arrests were members of the St. Louis Police Department. If someone is arrested on the street they are subject to a pat down search but not to a full custodial search. When arrestees are taken to the police station for booking they are subject to a custodial search. During a custodial search female arrestees are asked to extend their bra and shake it.

Plaintiffs were taken by police officers to the Central Patrol Station in the 4th District where they were booked, processed, and placed into holding cells. The female officers assigned to Central Patrol are all authorized to perform strip searches if the watch commander approves a strip search. Plaintiffs allege that

2

they were taken one at a time from their holding cell to a separate room where they were "stripped searched." Each of the searches was conducted by only one female police officer.

Plaintiff D.H. stated in her deposition that the female officer who performed her search was Caucasian, tall, masculine, stocky, "butch," kind of heavyset, with reddish hair color. The officer asked D.H. to lift her bra and shirt over her head and at the same time take down her pants and squat. D.H. complied with the request and was taken back to the holding cell.

Plaintiff C.L. stated in her deposition that the female officer who performed her search was African American, shorter that 5'6" tall, twenty pounds overweight, with short hair. The officer asked C.L. to lift her bra, turn it inside out, and shake it. C.L. complied. The officer then asked C.L. to turn around, unbutton her pants, lower them to her knees and squat. C.L. complied.

Plaintiff J.P. stated in her deposition that the female officer who performed her search was white, between 5"6" and 5'8" tall, had brown hair in a ponytail, and was a "butchy," "stronger looking lady." The officer asked J.P. to pull her bra and shirt out and shake it. J.P. did not expose her breasts to the officer. J.P. was also asked to pull her pants down and squat. J.P. complied.

Plaintiffs filed this lawsuit asserting state law claims against the Jane Doe I

and Jane Doe II police officer defendants[1] for violating § 544.193 R.S.Mo. (this statute prohibits strip searches without cause). Plaintiffs also asserted claims against the two Doe defendants under the Fourth Amendment of the United States Constitution for violating their right to be free of unreasonable searches. In addition, Plaintiffs asserted claims against the Police Board members alleging that the strip searches were conducted in accordance with the Police Board's "pattern, practice, policy, or custom of performing body cavity searches and strip searches of female individuals who are arrested during arrests of peaceful protestors." The Police Board members have moved for summary judgment.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of

---

[1] Plaintiffs chose to limit their claims against the individual police officers to two Doe defendants who conducted the searches. It appears that Plaintiffs believe that the officer who allegedly search D.H. and P.P. were the same officer.

material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof.  Id. at 324.  In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy.  Crossley v. Georgia Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Discussion*

*The Doe Defendants*

As a threshold matter Plaintiffs' claims against the two police officer Doe defendants must be addressed.  In their depositions Plaintiffs were able to describe the appearance of these officers.  Discovery in this matter was conducted over a fifteen month period.  Defendants produced photographs of all the female police officers assigned to Central Patrol.  Defendants also produced multiple officers for depositions.  Plaintiffs have not been able to identify the two officers who are alleged to have conducted the searches at issue.  Despite several extensions of the discovery deadline in this matter, Plaintiffs never filed a motion to compel or otherwise sought relief from the Court in an attempt to identify these officers.

In general, fictitious parties may not be named as defendants in a civil

5

action.  Phelps v. United States, 15 F.3d 735, 738 - 739 (8th Cir. 1994).  However, an action may initially proceed against a party whose name is unknown if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery.  Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985).   The dismissal of a fictitious party becomes proper "only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention."  Id.

Discovery has long been closed in this matter and a trial is set in the near future.  We are now at the summary judgment stage of this proceeding and Plaintiffs have failed to identify the Doe defendants.  Because Plaintiffs may not maintain claims against fictitious defendants at trial, the claims against defendants Jane Doe I and Jane Doe II will be dismissed.

*Monell Liability*

A public entity cannot be held vicariously liable under U.S.C. § 1983 for the actions of its employees based on a theory of respondeat superior.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978).  To establish municipal liability, a plaintiff must establish that one of the municipality's officers violated her federal rights and then establish a causal link between a municipal policy and the alleged violation. Veatch v. Bartels Lutheran Home, 627 F.3d 1254,

6

1257 (8th Cir. 2010). "Such a showing requires either the existence of a municipal policy that violates federal law on its face or evidence that the municipality has acted with 'deliberate indifference' to an individual's federal rights." Id.

Plaintiffs' claims against the Police Board members assert that the Doe officers conducted the strip searches following a pattern, practice, policy, or custom of the Police Board of performing body cavity searches and strip searches of peaceful female protesters who are arrested. However, without a constitutional violation by the individual officers, there can be no municipal liability under Monell. Sanders v. City of Minneapolis, Minnesota, 474 F.3d 523, 527 (8th Cir. 2007). Because Plaintiffs have been unable to identify the Doe defendants, they cannot proceed to trial to establish their claims against the Doe defendants. Because Plaintiffs are unable to prove that these officers violated Plaintiffs' constitutional rights, the Police Board cannot be liable under Monell for the actions of these unknown officers.

In addition, Plaintiffs have failed to produce evidence that the strip searches were conducted pursuant to a pattern, practice, policy, or custom. The existence of a custom or policy must be established by more than a single set of circumstances that applied to the plaintiff's case. Munz v. Parr, 758 F.2d 1254, 1259 (8th Cir.

1985). In the present case the alleged strip searches at issue were conducted during the same circumstances on the same occasion. Plaintiffs have not produced any evidence that strip searches have been conducted on peaceful protesters by St. Louis police officers on any other date.

Moreover, Plaintiffs took the depositions of numerous police officers regarding strip searches. That discovery failed to provide evidence that strip searches were performed as part of a pattern practice, policy, or custom. To the contrary, the officers' testimony indicated that strip searches were rarely conducted and that most officers deposed had never conducted a strip search. The officers testified that there was a protocol to be followed if a strip search was requested starting with getting approval from a watch commander. None of the officers deposed testified that they saw or heard about female protesters being strip searched on the occasion Plaintiffs were arrested.

In their opposition to summary judgment, Plaintiffs raise a question of whether St. Louis police officers were adequately trained regarding strip searches. However, Plaintiff complaint does not assert a failure to train claim. Even if a failure to train claim had been asserted, it would be subject to the same infirmity that Plaintiffs custom and practice claims have in this case, the failure of Plaintiffs to identify the Doe defendants. It is left to conjecture what training these unknown

defendants received.

Illegal strip searches by law enforcement officers are rightly the target of lawsuits to stop such practices. Plaintiffs' claims in this lawsuit are distressing and if proved true may subject the individual officers to liability for violating the Plaintiffs' rights. However, based on the record before the Court, the claims against the Doe defendants must be dismissed and the claims against the Police Board members fail as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' claims against Jane Doe I and Jane Doe II are hereby **DISMISSED**.

**IT IS FURTHER ORDERED that** St. Louis Board of Police Commissioners Bettye Battle-Turner, Richard Gray, Erwin O. Switzer, Thomas Irwin, and Francis Slay's motion for summary judgment [81] is **GRANTED**.

**IT IS FURTHER ORDERD that** Plaintiffs' motion for oral argument [93] is **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of September, 2016.